K. Tom Kohan, Esq.; SBN: 225420
**KOHAN LAW FIRM**
445 South Figueroa Street, 27th Floor
Los Angeles, California 90071
Tel: (310) 349-1111
Fax: (213) 612-7715
Email: tom@kohanlawfirm.com

**Attorneys for Plaintiff**
**RADIX TEXTILE, INC.**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RADIX TEXTILE, INC., a California corporation,<br>Plaintiff<br><br>v.<br><br>MILANO TEXTILE, INC., a California corporation; RUBBER DUCKY PRODUCTIONS, INC., a California corporation; JONATHAN BENSHALOM, an individual dba BLISS CLOTHING; and DOES 1-10, inclusive,<br>Defendants. | CASE NO. CV 11-04789-GHK-JCx<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) COPYRIGHT INFRINGEMENT<br>(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**JURY TRIAL DEMANDED** |

For its First Amended Complaint, plaintiff RADIX TEXTILE, INC., a California corporation ("Plaintiff" or "RADIX"), alleges as follows:

## THE PARTIES

1. RADIX is a California corporation, and in the business of designing, printing and wholesale of fabrics, with its principal place of business in County of Los Angeles, State of California.

2. Upon information and belief, defendant MILANO TEXTILE, INC. ("MILANO" or ), at all times herein mentioned was a California corporation, with its principal place of business in Los Angeles, California.

3. Upon information and belief, at all times mentioned herein, MILANO conducted business in the state of California and within this judicial district.

4. Upon information and belief, defendant RUBBER DUCKY PRODUCTIONS, INC. ("RUBBER DUCKY"), at all times herein mentioned was a California corporation, with its principal place of business in Los Angeles, California.

5. Upon information and belief, at all times mentioned herein, RUBBER DUCKY conducted business in the state of California and within this judicial district.

6. Upon information and belief, defendant JONATHON BEHSHALOM, at all times herein mentioned was an individual with his residence in the County of Los Angeles, State of California, doing business as BLISS CLOTHING ("BLISS CLOTHING" or "BENSHALOM"). BENSHALOM, MILANO, and RUBBER DUCKY will collectively be referred to as "Defendants."

7. Upon information and belief, at all times mentioned herein, BLISS CLOTHING conducted business in the state of California and within this judicial district.

8. The true names and capacities of defendants DOES 1-10, inclusive,

are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages herein alleged were proximately caused by those defendants.

9. At all times herein mentioned, defendants DOES 1-10, inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees, or attorneys, and with the permission and consent of their co-defendants.

10. Plaintiff is further informed and believes and thereon alleges that defendants DOES 1 through 10, inclusive, created, assembled, distributed, manufactured and/or sold garments comprised of fabric printed with Plaintiff's copyrighted Subject Design (as hereinafter defined) or that have otherwise contributed to the infringement of Plaintiff's copyright Subject Design.

## JURISDICTION AND VENUE

11. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*, seeking damages, attorneys' fees, preliminary and permanent injunctive relief and an accounting, as well as damages and other relief based upon other claims related to the misappropriation of Plaintiff's intellectual property. This action also contains causes of action for California's Unfair Competition Law, California Business and Professions Code.

12. This court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3

**COMPLAINT**

13. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (a) because Plaintiff's state law claims are so related to Plaintiff's copyright claims that they form part of the same case or controversy.

14. The Court has personal jurisdiction over the Defendants because, upon information and belief, they have intentionally manufactured, advertised, sold and caused to be sold their infringing products in the State of California, in this judicial district.

15. Venue in this judicial district is proper under 28 U.S.C. § 1391( c) and 1400 (a) in that a substantial part of the acts or omissions giving rise to the claims herein occurred within this judicial district.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Plaintiff is in the business of creating and developing original artwork of fabrics for use in garments, a time and labor intensive task. This time and labor intensive process is the lifeblood of Plaintiff's business.

17. Plaintiff is the copyright holder and owns all right, title, and interest in and to each of the designs identified below ("Subject Design"):

    a. Design No. RX-713182, Registration Number: Vau 978-211;
True and correct copy of said copyright registration is attached hereto as Exhibit A.

18. At all relevant times, Plaintiff has duly complied with all of the provisions of the Copyright laws of the United States in connection with the Subject Design.

4

COMPLAINT

# FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### (Against All Defendants)

19. Plaintiff refers to and incorporates by reference paragraphs 1 to 18 inclusive, of this Complaint as though fully set forth herein.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design.

21. Defendants, and each of them, infringed Plaintiff's copyrights by copying the Subject Design and by producing, distributing, and selling fabric and/or garments incorporating the Subject Design without Plaintiff's consent or permission.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, if not directly liable for infringement of Plaintiff's copyright in the Subject design, are vicariously liable for said infringements because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

23. Plaintiff is informed and believes and thereon alleges that by reason of Defendants' acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of income and profits, and dilution and destruction of the value of its rights, all in amounts which are not yet fully ascertainable but which are estimated to be not less than one hundred fifty thousand dollars ($150,000).

24. Due to Defendants' acts of infringement, Plaintiff has also suffered general and special damages including, without limitation, damages resulting from Plaintiff having had to investigate and analyze Defendants' infringing

conduct, and hiring attorneys, all in an amount to be established at trial.

26. Moreover, as a direct result of the acts of copyright infringement alleged above by the named defendants and defendants as yet unidentified, defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrighted the Subject Design. Plaintiff is entitled to disgorgement of each of defendant's profits directly and indirectly attributable to said defendants' infringement of the Subject Design.

26. Plaintiff is informed and believes and thereon alleges that Defendants and each of them knowingly and intentionally copied the Subject Designs, making their conduct wilful and intentional and malicious, subjecting defendants and each of them, to liability therefor, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

27. Plaintiff is informed and believes and thereon alleges that Defendants continue to infringe the copyright in the Subject Design.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against All Defendants)

28. Plaintiff refers to and incorporates by reference paragraphs 1 to 27 inclusive, of this Complaint as though fully set forth herein.

29. Plaintiff is informed and believes and thereon alleges that Defendants

knowingly induced, participated, and aided and abetted in, and profited from, the copying and/or subsequent selling of garments and/or fabrics featuring the Subject Design, as alleged herein above.

30. By reason of Defendants' acts of contributory copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of income and profits, and dilution and destruction of the value of its rights, all in amounts to be established at trial.

31. Due to Defendants' acts of contributory infringement, Plaintiff has also suffered general and special damages including, without limitation, damages resulting from Plaintiff having had to investigate and analyze Defendants' infringing conduct, and hiring attorneys, all in an amount to be established at trial.

32. Moreover, as a direct result of the acts of contributory copyright infringement alleged above by the named defendants and defendants as yet unidentified, defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's copyrighted the Subject Design. Plaintiff is entitled to disgorgement of each of defendant's profits directly and indirectly attributable to said defendants' infringement of the Subject Design. Because of the massive scope and extent of the infringement of the Subject Design by named defendants and defendants as yet unidentified, the amount of defendants' profits cannot be presently ascertained or estimated.

33. Plaintiff is informed and believes and thereon alleges that Defendants and each of them knowingly and intentionally copied the Subject Design, making their conduct wilful and intentional and malicious, subjecting defendants and each of them, to liability therefor, including statutory damages under Section 504( c)(2)

of the Copyright Act in the sum of one hundred fifty thousand ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

1. That Defendants, and each of them, and their respective agents and servants be enjoined from infringing Plaintiff's copyright in any manner;

2. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at trial, or, if elected before final judgment, statutory damages as available under the Copyright Act;

3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. For costs of suit incurred herein; and,

6. For any such other and further relief as this court may been just and proper.

DATED: July 7, 2011

KOHAN LAW FIRM

By: /s/
K. TOM KOHAN
Attorney for Plaintiff
RADIX TEXTILE, INC.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all claims asserted, as provided by Rule 38 of the Federal Rules of Civil Procedure.

DATED: July 7, 2011

KOHAN LAW FIRM

By: _____
K. TOM KOHAN
Attorney for Plaintiff
RADIX TEXTILE, INC.

## PROOF OF SERVICE

I, Elanit Shamoeil, declare as follows:

I am employed in the County of Los Angeles. I am over the age of eighteen years and not a party to the within above-entitled action. My business address is 445 South Figueroa Street, 27th Floor, Los Angeles, California, 90071.

On July 7, 2011, I served the within **FIRST AMENDED COMPLAINT** on the interested parties in the within action, as follows:

| | |
|---|---|
| Joseph A. Lopez, Esq.<br>Novian & Novian<br>1801 Century Park East, Suite 1201<br>Los Angeles, CA 90067 | Attorney(s) for Defendant Milano Textile, Inc. |
| James B. Hicks, Esq.<br>Hicks \| Park LLP<br>824 Wilshire Blvd., Suite 300<br>Los Angeles, CA 90017 | Attorney(s) for Defendants Rubber Ducky Productions, Inc. and Jonathan Benshalom dba Bliss Clothing |

XXX   **BY MAIL**: By placing a true copy thereof enclosed in a sealed envelop addressed as above, with postage thereon fully prepaid, mailed first-class in the United States mail, at Los Angeles, California. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. It is deposited in the U.S. Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. C.C.P. 1013(a)

❏

   **BY PERSONAL SERVICE**: I delivered such envelope by hand to the offices of the addressee(s)

❏   **STATE**: I declare under penalty of perjury under the laws of the State of California that the foregoing it true and correct.

XXX   **FEDERAL**: I declare that I am employed in the office of a member of the bar of this Court at whose discretion the service was made.
Executed on July 7, 2011, at Los Angeles, California.

_____
Elanit Shamoeil

# EXHIBIT A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

Registration Number:

**VAu 978-211**

Effective date of registration:

January 23, 2009

---

## Title
- **Title of Work:** RX-713182 MAZELAND
- **Nature of Work:** FABRIC DESIGN

## Completion/Publication
- **Year of Completion:** 2008

## Author
- **Author:** SR European Designs, Inc.

## Copyright claimant
- **Copyright Claimant:** Radix Textile, Inc.
  720 Kohler St., Los Angeles, CA, 90021
- **Transfer Statement:** By contract

## Certification
- **Name:** Arad Shamimi
- **Date:** September 11, 2008

---

**Correspondence:** Yes

Page 1 of 1

